UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS SHADDEN, JR., | ) | 1:09-cv-01610-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION FOR CONTINUANCE (Doc. 21) |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE GALAZA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On January 5, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 7). On May 4, 2010, Respondent did so. (Doc. 18). Petitioner filed his Traverse on June 9, 2010. (Doc. 20). At that point, the matter was ripe for a decision and remains on the Court's list of cases awaiting a decision on the merits. Given the Court's heavy caseload of habeas corpus cases, a case may have to wait for some period of time after briefing is completed before a decision on the merits can be issued.

On June 15, 2010, Petitioner filed the instant motion for continuance. (Doc. 21). The Court cannot determine the purpose sought by the motion is incomprehensible. It appears that the motion,

which is captioned for the United States Court of Appeals for the Ninth Circuit, was originally filed on June 7, 2010 in the Ninth Circuit and that the appellate court sent the motion to this Court, where it was filed on June 15, 2010.  In the motion, Petitioner, apparently addressing the Ninth Circuit, requests a "continuance," although he never identifies the specific proceeding that he wishes to continue.  As mentioned, the matter is awaiting a decision on the merits and no court dates or deadlines are pending in these proceedings.  Therefore, there is nothing to "continue."

Petitioner also urges the Court to "take serious consideration to Petitioner's request for re-consideration of COA."  The Court assumes that "COA" refers to a request for certificate of appealability, a prerequisite to appealing the Court's decision to the Ninth Circuit.  However, since the Court has not issued a decision in this case, there is at present nothing for Petitioner to appeal.  Hence, a request for issuance of a certificate of appealability is premature at best.  Moreover, after fully reviewing the Court's docket in this case, it does not appear that Petitioner has ever filed, or that the Court has ever entertained, any previous request for issuance of a certificate of appealability that the Court could or should now "reconsider."  In sum, the motion, as presently constituted, will be denied.

Accordingly, the Court HEREBY ORDERS that Petitioner's motion for continuance (Doc. 21), is DENIED.

IT IS SO ORDERED.

Dated:  **September 15, 2010**                              **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE