1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| THOMAS SHADDEN, JR., | ) 1:09-cv-01610-JLT  HC |
| Petitioner, | ) |
| | ) ORDER DENYING MOTION FOR RULING |
| v. | ) (Doc. 25) |
| | ) |
| DERRAL G. ADAMS, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

17
18
19

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

20

### PROCEDURAL HISTORY

21
22
23
24
25

    On September 11, 2009, Petitioner filed the instant petition.  (Doc. 1).  On January 5, 2010, the Court ordered Respondent to file a response.  (Doc. 7).  On May 4, 2010, Respondent filed an Answer.  (Doc. 18).  On June 9, 2010, Petitioner filed his Traverse.  (Doc. 20).  On February 18, 2011, Petitioner filed the instant motion for a ruling, essentially requesting that the Court expedite the case and proceed to issue a ruling on the merits of the petition.  (Doc. 25).

26

### DISCUSSION

27
28

    First, addressing Petitioner's concerns about the relationship between this case and case no. 1:10-cv-00298-SMS, it is this Court's policy that when two or more petitions are filed that

are essentially duplicative, the Court will, in its discretion, dismiss the later-filed petition, or

petitions, and proceed on the petition that was filed first in time.  A review of the Court's docket

in case no. 1:10-cv-00298-SMS indicates that this is precisely what was done in that case.  The

Court's dismissal of the later-filed petition, however, has no bearing whatsoever on the

disposition of this case, and does not in any way prejudice the claims raised by Petitioner in this

case.

Moreover, to the extent that Petitioner is requesting this Court take certain actions with

respect to case no. 1:10-cv-00298-SMS, this Court has no jurisdiction to do so.  First, that case

has already been closed.  Second, that case was assigned to another United States Magistrate,

who dismissed it as duplicative.  The United States Magistrate assigned to this case has no

authority to rule on a habeas case assigned to another United States Magistrate Judge.[1]

As to Petitioner's concern that this case is in a "stay and abey" status, that is incorrect.

The case is presently fully briefed and ready for a decision on the merits.

Finally, as to Petitioner's request for a decision, which the Court construes as a motion to

expedite a decision on the merits, the Court notes that the Eastern District of California has one

of the largest habeas corpus case loads in the United States.  The Court manages its cases in the

order in which they are received and become ready for a decision.  Once they are  screened and

briefed for a decision on the merits, the cases are addressed in the order in which the cases

become "at issue" for a merits decision.  At present, the Fresno Division of this Court alone has

over fifty habeas petitions that are waiting for a decision on the merits.  The Court is fully aware

of the existence of Petitioner's case and is cognizant of the length of time that it has been

pending.  However, due to the heavy caseload of the Court, and the Court's diligent handling of

each individual case, rulings and decisions often take considerable time.

Moreover, filing requests to expedite proceedings merely places additional burdens on the

Court's limited staff resources.  The Court must take the time to examine and research every

---

[1]The Court emphasizes that the two petitions were not consolidated such that the two petitions would be
addressed jointly by the same judge; rather, the later-filed petition, which was duplicative, was dismissed and the
case was closed.  As such, there is nothing further to be done in that case at the present time.

motion or request filed in a habeas proceeding.  Each motion, no matter how inappropriate or unnecessary, requires the expenditure of additional court resources, resulting in added delays for all habeas cases, including the instant case.

As the "new case documents" sent to Petitioner at the outset indicate, the Court will notify Petitioner as soon as any action is taken in the case.  As long as Petitioner keeps the Court informed of his current address, he will receive all decisions and rulings of this Court regarding his case.

Accordingly, Petitioner's motion for decision  (Doc. 25), is DENIED.

IT IS SO ORDERED.

Dated:   **February 23, 2011**                        **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE